489 will be taken under advisement as agenda 18. Final case on our call this morning is case number 109495, agenda number 19, People of the State of Illinois v. Danny Comage. The brief interruption of an officer's view with evidence is not concealment. In this case, Danny Comage was being chased by police in a well-lit area when he took a crack pipe and push rod and threw them over a fence. Mr. Comage had to know he was being pursued by the police because they were close behind him, shouting for him to stop and threatening to taser him. Officer Romer testified that she was only three to five feet behind Mr. Comage when she saw him pull two rod-like items from his front pocket. No doubt Mr. Comage knew the crack pipe and push rod were illegal, and so he tried to get rid of them even though officers were watching his every move. Both officers had a clear view of the pipe and rod. Officer Larner testified, When I was pursuing Mr. Comage on foot, I observed him throw two rod-like objects, approximately five, six inches in length, over the fence. That's immediately what I began searching for on the other side of the fence. Officer Larner found the pipe and push rod within 20 seconds. Danny Comage's attempt to get rid of his crack pipe was not felony obstructing justice. The officers saw Mr. Comage pull the pipe and push rod from his pocket, they knew what they were, they watched Mr. Comage toss them, and they easily found them almost immediately from within a short distance away. The crack pipe was only briefly out of the officer's sight. Obstructing justice must mean more than a defendant placing an object out of an officer's sight for only a few seconds. If not, Mr. Comage could have put the crack pipe back in his pocket and still have been charged with a separate and higher class felony of obstructing justice, and not just misdemeanor possession of drug paraphernalia. As charged in this case, the obstructing justice statute requires that a defendant conceal evidence. The statute also defines obstruction of justice when a defendant destroys, alters, or disguises evidence. This definition shows the legislature's intent to criminalize only those acts which may affirmatively interfere with the administration of justice. Here, Danny Comage's act of momentarily removing a crack pipe from the officer's sight did not rise to that level. Counsel, is it important to your definition of concealment that the officers observe something? It's really important in this case because you're talking about did he hide something? It couldn't be concealed when the officers were watching what he was doing. They saw it, so he really had no reasonable expectation that they would not know where he put it. It's kind of like when you do a shell game and a person has three shells, he puts a ball under one of them. You know that the ball has been put under there, but it might take you 20 seconds to pick which shell. The ball's never hidden because you know it's there, but you may not be able to see it for a brief period of time, and that's what happened here. The officers knew exactly what Mr. Comage was throwing, two rod-like objects. They assumed it was contraband. They knew it was going to be evidence probably. They saw him pitch it over the fence. They knew what area of the fence it fell on. They took 20 seconds to go around the fence and take it. So to say that that's concealed is really too broad of a definition. They knew where it was, they just had to pick it up. It was only briefly out of their sight for a very few seconds. Would it make a difference if this defendant were running across the Golden Gate Bridge and tossed it over to the water? Yes, absolutely, because I think in that case you're talking a defendant has destroyed evidence, because if a body of water is... I'm thinking in that kind of scenario it's going to be impossible to retrieve the evidence that it's been destroyed. It's a more substantial act than something in this case where they just don't see it briefly. So your argument is based mainly upon whether or not the police can recover whatever it was. No, I think that's part of it, certainly. I mean I think in this case it's a very important fact, but the fact that they saw him throw it in the first place is a bit more convincing, because we're talking about concealing. And in your case the fact that they saw him throw it isn't as important if ultimately it's destroyed and they can't use it eventually in his prosecution. Here they saw him throw it, they knew where it went, they were able to pick it up, and the evidence was still able to be used in his prosecution. When we think of obstructing justice, we think that somebody's done something to the evidence that makes the state's job more difficult, the prosecution. Under that scenario, though, then which factors would we, what tests would we give to determine and to consider what acts makes the evidence less likely to be found? Because it seems like if you can find the evidence, that's one factor, or it can be used. Like in Justice Freeman's suggestion that it would be thrown in the water, how do we never find it? So what factors would we use in a test like that? Well, it's not just a factor of could it not be used. If it can't be used, it's destroyed, or it's altered in some way, and that's a different part of the statute. Then obstruction of justice could be charged as the defendant has altered it so that it can't be used in prosecution, or he's destroyed it so it can't be used in prosecution. If you're just charging a defendant as, in this case, we think he's concealed it so that it can't be used later, or with the intent that it can't be used, then you have to look at all the circumstances of what the alleged concealment is. And like in this case, where the officers see that there is evidence, see where the evidence goes, and they're able to retrieve it immediately, that entire act has to go into is it concealed. Well, I think one of the cases was that the defendant had his arm outside of a car, and he was just throwing out the powder from the bag. And that's destroying it. I mean, the officers see it, but he's destroyed the evidence in that case. He's committed obstruction of justice by concealing it. Now, some of the other cases from the other states also had a defendant who had a bag of Coke, and he chucked the bag of drugs outside of the window, the bag being intact. The cops were behind him, saw him, chucked the bag of, you know, solid drugs, and were able to pick that up. They considered that not concealment. It wasn't destroyed either, and the defendant was not charged or prosecuted under destroying evidence. But they also found that wasn't concealment. So I think we definitely have to make a distinction between destroying as a different type of obstruction of justice than the cases like here, where he's charged with concealing, but doesn't in fact hide anything. Is there a point at which abandonment becomes concealment? I would say abandonment, no. Well, it's the way you use the phrase, I suppose. To abandon, I would consider not affirmatively placing it somewhere to hide it, which I think of conceal as being different and more of an affirmative act of, say, burying drugs. Burying drugs outside of the presence of police would be concealing them, whereas just chucking them, you know, as you're running is more abandonment. Something more that happens, like in this case, where he's running and he just tosses them. He's ridding himself of them. But there's no major act that's done outside of the police that could reasonably conceal the drugs. Is less likely to recover part of the test? I think it has to be considered, definitely, in any analysis. But I don't think you even have to go that far. If you say, like in cases like these, you have a bright line rule that where evidence is only outside of the presence of an officer's sight with a matter of seconds, it can't be concealed. So whether or not, I mean, in that kind of case, it's never, there's no guess on the probability that it will be discovered, because it's only been outside of their vision for a few seconds. And that presupposes that it's been found, and not that it's going to be recovered at a later point. This case is more clearly not an obstruction of justice statute than even the second district's case of MF. In MF, the appellate court held that when a defendant just drops down, throws down or abandons drugs within the vicinity of the defendant, in the presence and view of police officers, that conduct doesn't constitute concealment and shouldn't support an obstruction of justice charge. In that case, the defendant climbed out onto a roof. It was dark out. The police knocked on the door with a search warrant. The defendant climbed out onto the roof. An officer saw him, shone a light on him and commanded him to stop, but the defendant threw objects off of the roof. The officer couldn't see what was in the defendant's hands, but he saw the defendant making throwing motions. After the officer arrested the defendant, another officer arrested the defendant, the first officer looked in the direction where the bags had been thrown and picked up some baggies of crack. In that case, as in this one, the defendant must have known that the police were watching him and saw what he was doing. But in that case, the MF court, the second district, found that there was no obstruction of justice. In this case, Danny Cummidge must have known that there were cops behind him watching what he was doing as he pulled out and threw his crack pipe over the fence. Why should this court focus on the officer's conduct, namely that the defendant wasn't ultimately successful in the concealment, rather than the defendant's attempt at concealing the item? Well, I think you have to look at both. And certainly it's very important what the officer saw, because it's the obstruction of justice. It's obstructing the state's process of prosecuting the defendant. And if the officer sees what's going on, the defendant can't be hiding anything  so I think that's of paramount importance, because it's the officer who has to be able to get the evidence and bring it in for the state to proceed in the prosecution. So if the officer sees the evidence, knows where it is, and is easily able to get it back, then it really hasn't interrupted his process at all. It hasn't obstructed him from bringing the defendant to justice. So I guess when we look at this case, we have to ask, was justice obstructed? And here the answer is no. Mr. Comidge's act of throwing the crack pipe in the clear view of the police could not have logically or probably had the effect of interfering with his prosecution. He knew the police were watching. The police knew he was throwing contraband. The officers retrieved the paraphernalia quickly and easily and the prosecutor introduced it at trial. It took Officer Lerner 20 seconds to pick up the crack pipe and rod that Mr. Comidge threw. That brief interruption in officer's visual contact with the evidence was not concealment. If in this case, I think you do concede that there was at least the contraband was out of sight, whether you agree it was concealed or not. But expanding on Justice Freeman's question, if he threw it over the fence, didn't know it hit something or it landed on a truck and it drove away, matters that occur after the fact of tossing it, would that be a concealment? The defendant doesn't do anything differently. He throws it over the fence, behind a wooden fence. You can't see what's back there. Well, again, you're probably talking about that evidence has been destroyed or it's been altered. So it's a different aspect that could be, I'm sorry? It's been simply moved. And if it's moved to the point where the state can no longer retrieve it, then it's destroyed. He's actually managed to destroy the evidence. But he hasn't done anything differently than what's been done here. He tossed it over the fence. The end result happens to be different. Yeah, I see exactly what you're saying. But then there's a difference, too, in that here when we're talking about how long was the evidence out of the officer's sight. And if the truck's gone away, it's out of the officer's sight permanently. So if we look at concealment in the terms of when it's unsuccessful, has it only just been in the bushes for a few seconds or has it been over a fence for a few seconds? I think you've got to look at that as not being concealment more than saying if it's permanently taken out of the officer's view by being actually hidden somewhere where he doesn't see or destroyed. So if he throws it over the fence and it lodges behind something and the officers can't find it for three or four days, is that concealment? I think that's a much closer case. I mean, it's obviously taken them a lot. You're going to think more in terms of it being... Defendant does the same thing, exactly. Well, the result, the result, too, is also going to be the same as here because they're able to introduce it at trial. So it really hasn't obstructed his prosecution. This is a really factually based case, and it's hard to apply this to every situation. But in cases like this one where it's just such a minimal amount of time that it took the police to go around the corner and pick up this object that they knew was there, that they saw the defendant throw, it doesn't seem like it could possibly rise to the level of obstruction of justice that we'd be seeing in cases like the one that we're seeing here. It's that you're suggesting where it's thrown in a body of water and it's destroyed or it's made the state's job substantially more difficult. Here there was really no delay. There was 20 seconds. That's about as long as it would have taken to pat him down and find the objects in his pocket had he not thrown them. If there are no other questions, we would ask that this court reverse the appellate court's decision and vacate Danny Comidge's conviction. Thank you. Counsel. May it please the court, Assistant Attorney General David Simpson on behalf of the people of the state of Illinois. Illinois' obstructing justice statute makes it a crime to knowingly conceal evidence with the intent to obstruct ones on apprehension or prosecution. It's a crime to remove something from sight with the goal of making it harder to find. And that definition applies to the defendant's conduct in this case, running away from police and throwing evidence over a six-foot high privacy fence. There are no compelling policy reasons to depart from the plain meaning of the statute in this case, and even if there were, there would not be enough under this court's precedence to overcome the plain meaning of the statute. As a result, the defendant's conviction should be affirmed. I'd like to start by addressing, I think, something that was implicit in some of the court's earlier questions and in some of my friend's arguments, is what's the harm in this case when the evidence is recovered so quickly? And so there are two aspects of harm in this case, and one is that there's the threat to the truth-seeking function of the justice system. Essentially what the defendant did here is he was running away from police officers. He knew, or I'm sorry, he knew that if he were arrested, that it was essentially certain that he would be found with evidence on him. And so he took a gamble. He took a gamble to run away from police officers and to try to dispose of that evidence. Now, he ultimately lost that gamble, but that doesn't mean he didn't commit a crime in the first instance. If you compare it to perjury, you can imagine a case where a witness lies on the stand, testifies at trial, perjures himself and says the defendant is guilty, and then the verdict comes back innocent. In that case, the perjury has had no direct effect on the actual outcome of the fact finder, but the witness there has still committed perjury. Additionally, Your Honors, there is an actual harm that we're looking at in this case. There was the extra effort that the officers needed to expend to apprehend and secure the defendant, and even though the evidence was found quickly, the officers testified that they were forced to conduct a, quote, very in-depth search of the area, and that's time that the officers could have been using to patrol the streets or complete other functions. So this brings me to, I think, the second point I wanted to address is why this Court should not apply a requirement that the evidence actually be made substantially more difficult to recover or that the evidence actually be suppressed. And the key argument here, of course, is there's just simply no such requirement in the statute. And you could compare Illinois' obstructing justice statute to, say, Delaware's. And if you look at Harris v. State, which is cited in the defense reply brief at page 6, Delaware's obstructing justice statute states that the person suppresses evidence by an act of concealment. In other words, the statute has an explicit requirement that it actually, in Delaware, that the act actually result in the suppression of evidence. And there's just simply no such requirement in Illinois' obstructing justice statute. Nor is there any such requirement that's implicit in the dictionary definition of concealed. So if you look at, for instance, Black's Law Dictionary, one of the synonyms for concealment is hiding. When children play hide-and-go-seek and they're found, they don't play attempted hide-and-go-seek. You're hidden. You might be hidden well. You might be hidden poorly. And eventually you can be discovered. But that doesn't mean you weren't hidden in the first instance. The second issue why the Court shouldn't read this sort of requirement into the statute is it introduces a difficult line-drawing problem that I think had come up in some of the questions earlier, is how much is substantially more difficult? How long does something have to be concealed before it qualifies as concealment under the statute? As the United States Supreme Court recognized in Brogan, it's exceedingly strange to make whether something is a crime in the first instance hinge on somebody else's conduct. But that's exactly what this sort of rule would do. If the police were more competent and found out evidence quickly, it would make it less likely that there was a crime. If the police were less competent and it took them longer to find the evidence, it would make it more likely that a crime had taken place. Counsel, I have a preliminary question. Justice Pope notes at the end of her dissent that the defendant was acquitted of the possession of the paraphernalia that forms the basis for his conviction of obstruction. So what impact should this have on the outcome of the case? I don't think it has any impact, Your Honor. I agree it's strange. At the first trial, the defendant was convicted of two counts and acquitted on one. There's no requirement in the obstructing justice statute that the evidence actually be sufficient to support a conviction. It only requires that it be evidence that's concealed. So I don't think it has any bearing on this case, although I do admit that the first jury's verdict was a little bit strange. I would like to point out, though, that as far as the argument that there must be an actual obstruction of justice, actual suppression of evidence, that's not in addition to there being no such requirement in the statute. That just doesn't mesh well with this Court's earlier interpretations of this obstructing justice statute. So if you look at what the Court did, for instance, in People v. Ellis, where it was interpreting the false statement portion of the obstructing justice statute, it said there's no requirement that the false statement actually be believed by the officers. There's no requirement that the false statement actually result in a change in the outcome of the investigation of the proceeding. And that had also followed the United States Supreme Court in Brogan, and following some of that same logic, that there's just simply, there's a, it's very strange to make this sort of, whether something is a crime in the first instance, hinge on somebody else's conduct, particularly the police officer's investigating conduct, and that, again, there's just no such specific requirement in the statute. And had the General Assembly wanted to have a suppression requirement, or a destruction requirement, or a permanently concealed requirement in the statute, it certainly could have done so, but it chose not to do so. Third, I would like to touch on something that Justice Thomas had mentioned earlier, and bringing up was this attempted obstruction. And I think the way, the way I, the way I think we look at the Act, and I think the way that the plain meaning of the Act breaks down, is that this isn't an attempted act of concealment. This is a completed act of concealment that was just done relatively poorly. So what you have here is you have the completed elements of the crime. You have the completed, you have a subjective intent to obstruct an apprehension or prosecution, and you have a physical act that removes something from sight in such a way as to make it less likely to be found. That's not an attempt at concealment. That is concealment. It was just concealed poorly, and it was discovered quickly because of the diligence of the officers. But, again, that doesn't mean it wasn't concealment in the first place, or that it wasn't a crime in the first instance. And just as a comparison, you can imagine what a, because this comes up in the, in this Pope's descent below, what attempted obstructing justice might have looked like in this case is if the defendant had run away, he had taken the crack pipe out of his pocket, had reared back to throw it, but before he had actually been able to release it, he's tackled and it falls down to his feet. Now, in those cases, in that case, you would have the same, you'd have the same intent, and you would have a physical act that constitutes a substantial step towards the completion of the crime, but you wouldn't have a completed crime because there would be no concealment. There would be no removal from site with the goal of making something harder to find. I would just, before I sit down, like to touch on one really quick thing as far as the distance behind, the distance that the officers were behind the defendant when the defendant threw the crack pipe. The record is just unclear on this point. Officer Larner testified on page 103 that he was 10 to 15 feet behind the defendant, but on page 108 of the record, and I'm sorry, these are all to volume 20 of the report of proceedings, he testified that he was 10 yards behind the defendant. Officer Romer testified she was 3 to 5 feet behind the defendant, but that she was also behind Officer Larner. And so I mention this both to just make clear that the record is confusing or unclear on this point, but also to, because I think it highlights the difficulty that the court would, or that the courts would have in administering a test that didn't have a clear line, and in deciding whether something was substantially, was substantially, or whether the state's case was impeded for a substantial amount of time. When you have a situation like this where adrenaline is flowing and people are running, you're not going to get clear estimates or those clear sorts of facts that are going to allow the courts to engage in a fact-specific analysis. And then, of course, stepping back again to our primary point, there's simply no need to engage in that sort of detailed fact-specific analysis regarding whether something was concealed for a substantial amount of time, or whether it made its recovery substantially less likely, because, again, there's just no such requirement in the plain meaning of the statute. And so, Your Honors, if there are no further questions, then we would ask that this Court affirm the defendant's conviction. Thank you very much. Thank you, counsel. McArdle. I'd like to address the fact that counsel advocates using a dictionary definition to define conceal. And I think that this Court has to look at the statute itself before it goes to the dictionary. And when you look at the statute, you're going to see that it also prohibits the altering, concealing, and disguising of evidence. And when you consider those types of actions next to the word conceal, adopting what counsel advocates as the really broad definition of just placing something out of sight, I think you can see that that's going much too far to interpret the conceal as being just something that easily accomplished. Placing something out of sight could be putting it behind your back, and that's widely different than altering, destroying, or disguising evidence. The context of the statute is important, and the ultimate harm that the legislature is trying to deal with when drafting the obstruction of justice statute, just by making something harder to find isn't enough to constitute conceal. Also, when we want to consider, you know, what was the harm here, and that the idea that Mr. Comidge was interrupting the truth-seeking function of the justice system, it doesn't have to be only addressed under obstruction of justice in that he concealed something. The state had the option of charging him with resisting arrest, and in fact they did that, but they dropped the charge. There's also other ways. I mean, with a perjury statute, the prosecution is limited to perjury, but here there are other options. Mr. Comidge was charged with possessing the crack pipe and rod. He was acquitted, but he was charged with that. He was also charged with resisting a peace officer. That was dropped, but the state had the option of also charging that. So the idea of saying that if here he didn't commit the obstruction of justice, that he's somehow getting away with committing a crime is not true. He was properly charged and brought to trial on another offense. Here, I mean, there was 20 seconds. We're talking 20 seconds that a piece of evidence was out of sight of the police officers that didn't rise to the level of obstruction of justice. It was only a brief interruption in the officer's visual contact with the evidence. It was not concealment. So Danny Comidge was not guilty of obstructing justice, and we ask that you reverse this conviction. Thank you, counsel. Thank you. Case 109-495 is taken under advisory.